IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**JOSEPH ANTWI,**

    **Petitioner,**

v.                                                          Case No. 1:14-cv-14070

**BART MASTERS, Warden**

    **Respondent.**

### PROPOSED FINDINGS AND RECOMMENDATIONS

Pending before the Court are Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 2), and Respondent's Motion to Dismiss as Moot. (ECF No. 10). This case is assigned to the Honorable David A. Faber, United States District Judge, and was referred to the undersigned United States Magistrate Judge by Standing Order for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be **DENIED**, that Respondent's Motion to Dismiss as Moot be **GRANTED**, and that this action be **DISMISSED**, with prejudice, and removed from the docket of the Court.

### I.   Procedural History

On September 20, 2002, Petitioner was sentenced in the United States District Court for the Southern District of New York for a violation of 21 U.S.C. § 846. (ECF No.

1

2 at 1). In June 2013, while was serving his sentence at the Big Spring Correctional Center in Big Spring, Texas, Petitioner was disciplined for allegedly refusing a drug or alcohol screening examination. (ECF No. 9 at 1, ECF No. 9-2 at 2). Petitioner denied the charge, but was found guilty nonetheless. (ECF No. 9-2 at 2). As punishment for the infraction, Petitioner lost 41 days of good time credit. (*Id.*).

On April 4, 2014, Petitioner filed the instant action for habeas relief,[1] arguing that the imposition of sanctions by the Discipline Hearing Officer ("DHO") at the Big Spring Correctional Center was a violation of Petitioner's due process rights because the DHO was not an employee of the Bureau of Prisons ("BOP"), but instead was an employee of a private corporation that contracted with the BOP. (ECF No. 2). Petitioner claimed that, according to federal regulations, only BOP employees were authorized to impose sanctions against federal inmates. (*Id.* at 7). Petitioner asked the Court to expunge the incident report written at the Big Spring Correctional Center, restore the 41 days of good time credit that had been taken, grant an evidentiary hearing, and appoint counsel to represent him on his claims. (*Id.* at 8).

On August 5, 2014, the Respondent answered Petitioner's petition, requesting that the matter be dismissed as moot. Respondent indicated that a DHO employed by the BOP had recently re-heard Petitioner's disciplinary action, and upon re-hearing, had expunged the incident report and restored Petitioner's good time credit. (ECF No. 9-1). According to Respondent, since Petitioner had received the relief requested, the petition was moot. Petitioner did not reply to Respondent's answer within the sixty days allowed for such a reply.

---

[1] At the time Petitioner filed his application for habeas relief, he was incarcerated at FCI McDowell in Welch, West Virginia within the Southern District of West Virginia.

On May 14, 2015, Respondent filed a Motion to Dismiss the present matter, again arguing that it is moot. (ECF No. 10). Respondent reiterated that the BOP's restoration of good time credit resolved the petition, and added that Petitioner was released from BOP custody, which provided an additional basis for dismissal.[2] (*Id.*).

## II. Discussion

Given the restoration of Petitioner's good time credit and his subsequent release from custody, the undersigned finds that the petition for habeas relief is now moot and should be dismissed. Article III, Section 2 of the United States Constitution provides that federal courts may adjudicate only live cases or controversies. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990); *Nakell v. Attorney General of North Carolina,* 15 F.3d 319, 322 (4th Cir.), *cert. denied*, 513 U.S. 866, 115 S.Ct. 184, 130 L.Ed.2d 118 (1994). This means that the "litigant must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision." *Lewis,* 494 U.S. at 477 (citations omitted). As such, when a petitioner receives the relief requested, there is no longer a matter in controversy.

Moreover, in the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95, 93 S.Ct. 1123, 1129, 35 L.Ed.2d 443 (1973). Consequently, a prisoner must be in custody at the time he brings a petition for a writ of habeas corpus. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir. 1986). Although his subsequent release will

---

[2] The Bureau of Prisons' Inmate Locator indicates that Petitioner was released from custody on November 10, 2014.

3

not deprive the court of subject matter jurisdiction, "[t]he question of mootness is separate and distinct from the jurisdictional issue." *Id.* "To be justiciable under Article III of the Constitution, a conflict between litigants must present a 'case or controversy' both at the time the action is filed and at the time it is decided. If intervening factual ... events effectively dispel the case or controversy during pendency of the suit, the federal courts are powerless to decide the questions presented." *Ross v. Reed,* 719 F.2d 689, 693-94 (4th Cir. 1983); see also *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68, 117 S.Ct. 1055, 137 L.Ed.2d 170 (1997) ("The requisite personal interest that must exist at the commencement of the litigation ... must continue throughout its existence") (citations omitted). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack,* 395 U.S. 486, 496, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969). Therefore, when a prisoner files a habeas corpus petition seeking relief from a sentence, his release from custody may render his petition moot.

There are two exceptions to the mootness doctrine. *Leonard,* 804 F.2d at 842. First, under the "collateral consequences" exception, a habeas petition is not rendered moot after a petitioner is released from custody where the conviction is challenged and the conviction results in collateral consequences that continue after expiration of the sentence. *Id.* (citing *Carafas v. LaVallee,* 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)).

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended

4

> incarceration or parole - - some "collateral consequence" of the conviction – must exist if the suit is to be maintained.

*Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998). For example:

> [w]here the criminal conviction ... results in the continued denial of important civil rights, such as the right-to-vote or the right to be considered for jury duty, the claim for habeas relief will remain a live controversy even after the prisoner has been released from custody. Similarly, where the criminal conviction may result in an enhanced sentence should the petitioner later be convicted of another crime, h[is] stake in habeas relief permits the court to exercise its judicial freedom long after [ ] he has been freed.

*Broughton v. State of N.C.,* 717 F.2d 147, 148-49 (4th Cir. 1983) (internal citations omitted). Second, the "capable of repetition, yet evading review" exception prevents a petition from becoming moot when two elements are present: (a) the challenged action is too short in duration to be fully litigated before it ceases or expires, and (b) there is a reasonable expectation that the same petitioner will be subjected to the same wrongful action again. *Leonard,* 804 F.2d at 842 (citing *Weinstein v. Bradford,* 423 U.S. 147, 149, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975)).

In this case, neither exception applies. Petitioner does not challenge his conviction; rather, he claims that his sentence was improperly extended by eliminating 41 days of good time credit. Where the petitioner elects only to challenge the execution of his sentence and not the validity of the conviction, collateral consequences are irrelevant. Consequently, expiration of the sentence and release from custody moot the petition. *Lane v. Williams,* 455 U.S. 624, 631, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982). Similarly, the capable of repetition, but evading review exception is inapplicable because there is no reasonable probability that Petitioner will be returned to prison to serve time on a sentence that has already expired. Mere conjecture that Petitioner could be

5

returned to a federal correctional facility and again face the same alleged wrong is not sufficient to meet the mootness exception.

For these reasons, the undersigned **FINDS** that (1) Petitioner's receipt of the relief he requested resolves the controversy; (2) Petitioner's discharge of his sentence and release from custody render his petition for habeas corpus relief moot; and (3) neither exception to the mootness doctrine applies in this case. Therefore, Petitioner's petition for a writ of habeas corpus should be dismissed. *See, e.g., Alston v. Adams*, 178 F.App'x 295, 296 (4th Cir. 2006); *Alvarez v. Conley*, 145 F.App'x 428, 429 (4th Cir. 2005); *Smithhart v. Gutierrez*, No. 3:06-cv-11, 2007 WL 2897942, at *5 (N.D.W.Va. Oct. 2, 2007).

### III. Proposal and Recommendations

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 2), be **DENIED,** Respondent's Motion to Dismiss, (ECF No. 10), be **GRANTED**, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such

objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:** May 18, 2015

_____
Cheryl A. Eifert
United States Magistrate Judge